IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RUSSELL T. MATHIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION NO.: 2:18-CV-417-WKW ) [WO] |
| U.S. GOVERNMENT, | ) ) |
| Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Russell Mathis ["Mathis"] is an inmate incarcerated at the Crisp County Detention Center in Cordele, Georgia. Before the court is Mathis' Petition for Coram Nobis to Vacate Past Federal Criminal Records under 28 U.S.C. § 1651. For relief, Mathis requests the court "permanently seal all [his] past federal crime[] records nationwide from all Fed. gov. use, sight, hearing of it, in public and in courts be it crim[inal] fed. courts or civil fed. courts." Doc. 1 at 4.

**I. BACKGROUND**

Mathis states he was arrested in Auburn, Alabama, in 2004 on drug charges. He maintains it was his first drug offense for which he received an eighty-seven month prison term. After completing service of this sentence in March of 2011, Mathis states he served a three-year term of supervised release which expired in March of 2014. Doc. 1 at 2.

The court takes judicial notice of its own records which reflect that on July 14, 2005, Mathis was sentenced to a concurrent term of 87 months imprisonment following his April 11, 2005, plea of guilty to conspiracy to commit a drug offense, transportation of anhydrous ammonia across state lines, possession with intent to distribute a controlled substance, and possession of a listed

chemical.[1] *United States v. Mathis,* 3:05-CR-10-MEF (M.D. Ala. 2005). On June 14, 2012, this court transferred jurisdiction over Mathis' supervised term of release to the United States District Court for the Middle District of Georgia under 18 U.S.C. § 3605. *See Id.* An examination of PACER (Public Access to Court Electronic Records) reflects Mathis is awaiting trial on drug offenses pending against him in the United States District Court for the Middle District of Georgia.[2] *United States v. Mathis,* 5:17-CR-13-MTT (M.D. Ga.).

## II. DISCUSSION

A federal court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody...." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). "[C]oram nobis relief is available after sentence has been served because 'the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected.' " *Id.* (quoting *United States v. Morgan*, 346 U.S. 503, 512–13 (1954)). The finality of criminal convictions, however, would be undermined by a "[r]outine grant of coram nobis relief." *Id.*; *see Gilbert v. United States*, 640 F.3d 1293, 1309 (11th Cir. 2011) (en banc) (describing the finality of convictions as "critically important" to our criminal justice system).

To the extent Mathis intends to seek a petition for coram nobis as reflected in the style of this matter, it is due to be denied. A writ of error coram nobis, is "an extraordinary remedy of last

---

[1] *See United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.").

[2] The court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at *http://pacer.psc.uscourts.gov*. FED.R.EVID. 201(b) (providing that the court can take judicial notice of facts "not subject to reasonable dispute ... [that] can be accurately ... determined from sources whose accuracy cannot reasonably be questioned"); *Grandinetti v. Clinton*, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished) (taking judicial notice of PACER).

resort available only in compelling circumstances where necessary to achieve justice." *Mills,* 221 F.3d at 1203. The writ may be invoked "to correct errors of the most fundamental character; that is, such as rendered the proceeding itself irregular and invalid." *Id.* (internal quotation marks and citation omitted); *see also Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks and citation omitted) (noting that coram nobis relief "was traditionally available only to bring before the court factual errors material to the validity and regularity of the legal proceeding itself, such as the defendant's being under age or having died before the verdict." . . . As such, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."); *see also Lowery v. United States*, 956 F.2d 227, 229 (11th Cir. 1992) (per curiam).

Here, Mathis is not seeking to vacate a conviction but requests his criminal records be sealed to prevent their use by the federal government in any federal criminal or civil action. Mathis' request for relief provides no basis on which the court could grant a writ of error coram nobis.[3] The court therefore concludes the petition is due to be denied.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for coram nobis under 28 U.S.C. § 1651 (Doc. 1) be DENIED.

---

[3] Regarding the nature of the relief requested in this matter, the court notes that a defendant who files a request in his underlying criminal case to seal his criminal records must overcome the presumption that judicial records and documents should not be sealed as the press and the public have a common law qualified right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (internal quotation marks and citations omitted) ("What transpires in the courtroom is public property, and both judicial proceedings and judicial records are presumptively available to the public.").

It is further ORDERED that **on or before May 11, 2018**, Petitioner may file an objection to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of April 2018.

      /s/   Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE